RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; MARÍA TERESA SOLÉ DE TANNER, Intervener.

No. 206. Argued March 1, 1949.—Decided April 21, 1949.

*Vicente Géigel Polanco, Attorney General, (Luis Negrón Fernández, former Attorney General, on the brief) and Elmer Toro Lucchetti, Assistant Attorney General* for petitioner. *Miranda & Miranda Esteve* for intervener, plaintiff in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On July 22, 1947, María Teresa Solé de Tanner filed in the Department of Finance her income tax return for the taxable year which ended on December 31, 1944. She stated therein under oath that she was not a resident of Puerto Rico, although a citizen of this Island and of the United States, and that she was married to Dale H. Tanner;[1] she

---

[1] Although the taxpayer was married, the return filed was not a joint return by husband and wife. See § 24(*b*) of the Income Tax Act and *Ballester* v. *Court of Tax Appeals*, 61 P.R.R. 460.

reported an income of $1,399.92 [2] and claimed a personal exemption of $2,000. Eight days later the Treasurer of Puerto Rico notified her a deficiency amounting to $441.96. This was due to the fact that the Treasurer did not consider that she was a citizen of Puerto Rico nor a resident of the Island, for which reason he computed her normal tax at the rate of 28 per cent and did not grant her any personal exemption. After the reconsideration sought was denied, the taxpayer resorted to the Tax Court of Puerto Rico, where after a hearing on the merits the complaint was sustained in its entirety.

Upon the issuance by us of the writ of certiorari authorized by § 5 of Act No. 169 of May 15, 1943 (Sess. Laws, pp. 600, 610), the Treasurer now contends in support of his petition that said court erred in not holding that the domicile of a married woman is that of her husband and that the taxpayer after contracting marriage was domiciled in Puerto Rico and in determining her domicile on the basis of her actions and intention and not on the basis of the domicile of her husband.

The evidence sent up shows that María Teresa Solé de Tanner was born in Mayagüez on May 22, 1920; that she resided in this island since the date of her birth until four days after contracting marriage; that on July 4, 1943, she married Dale H. Tanner, who at that time was employed with the Federal Bureau of Investigations known as FBI, and rendered services in Puerto Rico and that inasmuch as the duties of the office held by her husband so required, both of them left on July 8, 1943 for the city of Seattle, State of Washington, where they stayed until they returned to the Island on September 1945; that while they were absent their intention was to come to Puerto Rico to live and that they have resided again in this island since the date of their re-

---

[2] The income reported by the intervener issued from dividends received from the corporation Compañía Solé, Inc., of which she was a shareholder.

turn. The foregoing was the evidence introduced by the intervener, that of the Treasurer being confined to the presentation of the return filed by the taxpayer.

■ Section 12 of the Income Tax Act (No. 74 of August 6, 1925, Sess. Laws, p. 400) provides that upon the net income of every individual in excess of the credits provided in § 18, there shall be levied, collected, and paid for each taxable year a normal tax of 5 per cent, and that upon the net income of every nonresident individual not a citizen of Puerto Rico, the normal tax to be levied, collected, and paid for each taxable year shall be 28 per cent. Subdivision (d) of § 18 of that same Act provides that the credits in subdivisions (b) and (c) of that same Section [3] will not be allowed in the case of a nonresident individual not a citizen of Puerto Rico.

As we stated in *Buscaglia, Treas.* v. *Tax Court, Pérez Vahamonde,* intervener, 68 P.R.R. 322, 325 . . . "citizenship of Puerto Rico is predicated on domicile in Puerto Rico. Under both § 2(a)(7) of the Income Tax Act and §§ 5 and 5(a) of the Organic Act, the 'residence' which makes a person a citizen of Puerto Rico is equivalent to domicile. Consequently, both for income tax purposes and generally, a citizen of Puerto Rico who changes his domicile by moving permanently to a State or foreign country loses his status as a citizen of Puerto Rico, although he remains an American citizen. *Lókpez* v. *Fernández,* 61 P.R.R. 503, 513–15, 520."

■ The medular question before us, hence, is whether as contended by the Treasurer the taxpayer was not during the above-mentioned year a citizen of Puerto Rico nor a resident of the Island. It is unquestionable that until the day on which the taxpayer contracted marriage, she resided and was domiciled in the Island of Puerto Rico. However, when

---

[3] The exemptions and credits provided by subdivisions (b) and (c) of § 18, are in brief, as follows: $800 for every unmarried person; $2,000 for the head of a family or a married person living with husband or wife; and $400 for each person, dependent upon and exclusively receiving his support from the taxpayer.

she married she lost her domicile of origin and by operation of law she acquired the domicile of her husband. *Carrero* v. *Del Castillo*, 41 P.R.R. 424, 434; *Sureda* v. *Sureda*, 22 P.R.R. 620; *Marimón* v. *Pelegrí*, 2 S. T. S. 331; Joseph H. Beale, The Conflict of Laws, Vol. I, §§ 14.1 and 27.2, pp. 128 and 197; Restatement, Conflict of Laws, §§ 14 and 27, pp. 30 and 50; 17 Am. Jur., pp. 597 and 614, §§ 13 and 38; and 75 A.L.R. 1251.

The evidence failed to reveal which was the domicile of intervener's husband at the time the marriage was held. The mere fact that he was rendering services in Puerto Rico for a Bureau of the Federal Government does not show that the domicile of the spouses was the island of Puerto Rico. Cf. *Foss* v. *Ferris*, 63 P.R.R. 547. It was incumbent upon her to show that the domicile of her husband at that time was Puerto Rico and that it continued to be so while they were absent from the Island. Evidence to the effect that the taxpayer was born and lived in Puerto Rico until she contracted marriage and that in their absence their intention was always to return to the Island is not sufficient to establish domicile in Puerto Rico. Under these circumstances the Treasurer acted correctly in considering that the intervener was not a citizen and was not a resident of the Island.

The decision appealed from must be reversed and the complaint dismissed.

Mr. Justice Negrón Fernández did not participate herein.